**Dennis HAYMON, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 48237.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1985.

Toby H. Hollander, St. Louis, for movant.

Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant (hereafter "defendant") appeals the summary denial of his Rule 27.26 motion.

Defendant had been indicted for capital murder, convicted of second degree murder and sentenced as a prior offender to life in prison. Affirmed on appeal, *State v. Haymon,* 616 S.W.2d 805 (Mo. banc 1981).

■ The motion court summarily denied defendant's motion and he has appealed. By his motion defendant had alleged error because the state attempted to amend the capital murder charge to first degree murder. He contended that deprived the trial court of jurisdiction and deprived him of the right to know the specific charges against him.

The motion court ruled defendant's point was conclusory and patently void. It held defendant knew he was charged with capital murder and so he could not complain of the second degree murder conviction on the ground the state attempted to reduce the charge from capital to first degree murder. As explained in *State v. Haymon*, 616 S.W.2d 305[4] (Mo. banc 1981) the court ruled:

"What defendant overlooks is that the memorandum, as discussed earlier, was a nullity with respect to accomplishing any change in the charge. Defendant remained charged with capital murder and it is well established that a second degree murder instruction may be given under a charge of capital murder. It is a lesser included offense."

■ By his other point defendant contends the trial court erred in denying a continuance on the ground that on the day of trial two veniremen had read a biased newspaper item. The point was raised in neither the motion for new trial nor direct appeal. It is not now reviewable. *Benson v. State*, 611 S.W.2d 538 [1, 2] (Mo.App. 1980).

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.